**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5186**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEAN THOMAS SULLIVAN, a/k/a Rico,

Defendant - Appellant.

**No. 06-5206**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH ADRIAN CAMPBELL, a/k/a Kac, a/k/a
Kenny,

Defendant - Appellant.

Appeals from the United States District Court for the District of
South Carolina, at Beaufort. Sol Blatt, Jr., Senior District
Judge. (9:00-cr-00263-SB-6; 9:00-cr-00263-SB-4)

Submitted: August 3, 2007          Decided: August 22, 2007

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael P. O'Connell, STIRLING & O'CONNELL, P.A., Charleston, South Carolina; Rosemary C. Scapicchio, Boston, Massachusetts, for Appellants. Reginald I. Lloyd, United States Attorney, Nancy C. Wicker, Assistant United States Attorney, Columbia, South Carolina; Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In <u>United States v. Sullivan</u>, 455 F.3d 248, 251 (4th Cir. 2006), this court affirmed the convictions for Appellants Sean Thomas Sullivan and Kenneth Adrian Campbell, but vacated the sentences and remanded for resentencing consistent with the rules announced in <u>United States v. Booker</u>, 543 U.S. 220 (2005). At their initial sentencing, both Appellants received life sentences, as was called for under the then mandatory sentencing guidelines. On remand, the district court made it clear it knew the guidelines were advisory and that it should consult the statutory sentencing factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). After hearing arguments from counsel, the court made no change with respect to the sentencing guidelines, considered the § 3553(a) factors, and sentenced Campbell to life imprisonment and Sullivan to a variant sentence of 480 months' imprisonment. We affirm.

We reject the Appellants' claim that the presumption of reasonableness this court uses to review sentences within the properly calculated guidelines range makes the guidelines mandatory. It is obvious from the record that the district court did not treat the guidelines as mandatory. We also find no error with respect to the court's decision to make any factual findings by a preponderance of the evidence. The court did not err considering hearsay testimony at sentencing. The rule announced in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), does not apply at

sentencing.  See United States v. Katzopoulos, 437 F.3d 569, 576 (6th Cir. 2006) ("Though the cases may be a broad signal of the future, there is nothing specific in Blakely, Booker or Crawford that would cause this Court to reverse its long-settled rule of law that [the] Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings.").  We also find no error in the court's decision to consider drug quantities in reaching the range of imprisonment under the guidelines.

We further find no error in sentencing Campbell and Sullivan as crack cocaine dealers instead of merely cocaine dealers.  The jury determined the Appellants were involved in a crack conspiracy.  In addition, we find there was no error in considering Campbell's prior convictions and determining he was a career offender.  Campbell was not sentenced as a career offender, so any error, if there was one, did not prejudice him.

Finally, we review sentences for reasonableness.  Booker, 543 U.S. at 261; United States v. Green, 436 F.3d 449, 456-57 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  We find the sentences reasonable.

Accordingly, we affirm the sentences.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED